UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERLARD DEREK REMBERT,

    Plaintiff,

v.                                     Case No: 8:20-cv-1577-T-33AAS

STATE OF FLORIDA,

    Defendant.
_____/

**ORDER**

By order dated November 15, 2020, Rembert was informed that if service was not perfected by November 30, 2020, the case would be dismissed pursuant to Federal Rule of Civil Procedure 4. (Doc. # 26). That deadline has now passed, and service has still not been perfected. Therefore, this case is dismissed without prejudice for failure to timely serve the State of Florida.

**Discussion**

Plaintiff Jerlard Derek Rembert initiated this action pro se against the State of Florida on July 10, 2020, claiming that "the State of Florida violated his 8th and 14th Amendment rights by convicting him while incompetent." (Doc. # 1 at 3).

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on

1

> its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Therefore, Rembert had until October 8, 2020, to perfect service. The Court extended this deadline twice (Doc. ## 18, 26), warning Rembert that "if a satisfactory return of service is not filed with this Court by November 30, 2020, this case will be dismissed." (Doc. # 26).

The Court has entered three detailed orders — on October 14, 2020, (Doc. # 18), October 16, 2020, (Doc. # 21), and November 15, 2020, (Doc. # 26) — informing Rembert why his previous attempts at service were deficient. On November 6, 2020, in granting the motion to quash, the magistrate judge also noted that Rembert's prior attempts at service in July 2020 and October 2020 did not satisfy Rule 4. (Doc. # 25).

Furthermore, the Court comprehensively explained the proper way to effectuate service on the State of Florida. (Doc. ## 18, 21, 26). The Court specifically noted that service by certified mail did not satisfy Rule 4, and that the Florida Attorney General was a separate entity from the State Attorney. (Id.).

Despite these orders detailing the proper way to effectuate service, Rembert has not filed proof that he properly served the State of Florida. On November 2, 2020, Rembert filed a notice stating he had delivered two copies of the summons and complaint to the Florida Attorney General in Tallahassee, Florida by certified mail, and one copy of the summons and complaint to the Florida Attorney General's Office, Civil Litigant Bureau, in Tampa, Florida by certified mail. (Doc. # 24).

Then, on November 23, 2020, Rembert filed the following documents purporting to be additional proof of service: (1) notice that Rembert mailed and emailed notice of the lawsuit to the Florida Department Of Financial Services, Risk Management at 200 East Gaines Street, Tallahassee, Florida 32399 (Doc. ## 31, 32); (2) a process server's affidavit that he delivered a copy of the complaint to Regla Monpeller, who was authorized to accept service on behalf of Ashley Moody, Florida Attorney General, at the Attorney General's Office at 400 South Monroe Street, Tallahassee, Florida 32399 (Doc. ## 33, 34); and (3) a process server's affidavit that she attempted to serve the Attorney General Office Tampa, Civil Litigant Bureau at 501 E Kennedy Blvd Suite 1100, Tampa, Florida 33602, but was informed that all process "goes to

Legal Affairs: 107 Gaines Street, Tallahassee, FL 32399." (Doc. ## 35, 36).

These documents do not satisfy service of process on the State of Florida under either the Federal Rules or the applicable Florida statutes. To effect service on a state, a municipal corporation, or any other state-created governmental organization, a plaintiff must either "deliver[] a copy of the summons and of the complaint to its chief executive officer" or "serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

The Florida Constitution provides that "[t]he supreme executive power shall be vested in a governor." Art. IV, § 1, Fla. Const. Thus, Rembert's first option to serve the State of Florida under Rule 4(j)(2) was delivering a copy of the summons and complaint to Governor DeSantis. Fed. R. Civ. P. 4(j)(2)(A).

Alternatively, under Florida law, "[w]hen the state has consented to be sued, process against the state shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by sending two copies of the process by registered or certified mail to the Attorney General." § 48.121, Fla. Stat.

4

Thus, Rembert's second option to serve the State of Florida under Rule 4(j)(2) was to send two copies of the summons and complaint via certified mail to the Attorney General and deliver a copy of the summons and complaint to the State Attorney or Assistant State Attorney for the Thirteenth Judicial Circuit, which encompasses Tampa, Florida.

Although Rembert has filed proof that he sent two copies of the summons and complaint via certified mail to the Attorney General (Doc. # 24), he has not filed proof that he delivered a copy of the summons and complaint to the State Attorney for the Thirteenth Judicial Circuit. Therefore, Rembert has not properly perfected service under Section 48.121, Fla. Stat.

Nor do any of Rembert's filings show that he delivered a copy of the summons and complaint to Governor DeSantis. Therefore, Rembert has not timely perfected service on the State of Florida under the Federal Rules.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This case is **DISMISSED** without prejudice for failure to timely serve Defendant. The Clerk is directed to **CLOSE** the case.

5

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of December, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE